**The STATE of Ohio, Appellee,**

**v.**

**GEREK, Appellant.**

[Cite as *State v. Gerek,* 186 Ohio App.3d 281, 2010-Ohio-466.]

Court of Appeals of Ohio,
Sixth District, Wood County.

No. WD–09–018.

Decided Feb. 12, 2010.

Matthew L. Reger, Bowling Green City Prosecuting Attorney, for appellee.

Mark C. Geudtner and Spiros P. Cocoves, for appellant.

HANDWORK, Judge.

{¶ 1} This case is before the court on appeal from a judgment of the Bowling Green Municipal Court, filed on February 9, 2009, and journalized on February 20, 2009. For the reasons that follow, we affirm the decision of the trial court.

{¶ 2} On or about May 18, 1987, appellant, Timothy F. Gerek Jr., pleaded to the offense of making false alarms, was found guilty, and was fined $200, plus costs, which he paid. On December 31, 2007, appellant filed a motion to vacate the 1987 plea and to dismiss the charge. Appellant asserted that his 1987 conviction should be vacated because he was not afforded counsel to represent him. Appellant did not file any affidavit in support of his December 31, 2007 motion. Although it is not mentioned in the trial court's record, the trial court and parties refer to a hearing that was held regarding appellant's motion. The trial court granted appellant's motion to vacate his 1987 plea and conviction and dismissed the matter in a judgment entry that was filed on January 17, 2008, and journalized on January 23, 2008.

{¶ 3} On January 22, 2009, the state filed a motion to show cause against appellant, requesting that appellant appear and show cause why the trial court's January 23, 2008 judgment, ordering vacation of appellant's plea and dismissal of his 1987 conviction, should not be set aside. In particular, the state asserted that at the time the trial court ruled on appellant's motion, appellant had additional convictions against him about which he did not inform the trial court.

{¶ 4} The trial court held a hearing on February 9, 2009, regarding the state's motion to show cause. The trial court stated that during the hearing regarding appellant's December 31, 2007 motion to vacate his conviction, appellant had represented to the trial court that his conviction for making false alarms was preventing him from entering Canada, a situation that caused him employment difficulties as a commercial pilot with Continental Airlines. While this was true, the trial court noted that appellant, an officer of the court in good standing and licensed in Texas, had neglected to inform the court that he had additional criminal convictions that also prevented him from entering Canada. After receiving a dismissal of his 1987 conviction, appellant was granted, in another court, a request to reduce a prior DUI to a minor misdemeanor (reckless operation), and, at the time of the February 9, 2009 hearing, had a motion pending in the Lorain County Common Pleas Court to seal his record pertaining to a misdemeanor assault.

{¶ 5} Appellant's counsel reminded the trial court that the motion to withdraw his 1987 plea and have his conviction dismissed was not based upon his inability

to enter Canada, but was based upon the fact that he was not represented by counsel at the time he entered his 1987 plea. The trial court then questioned appellant regarding his 1987 plea. Appellant stated that he had contacted an attorney with Bowling Green University; however, the university's counsel would not represent him because the charges against appellant concerned the university. The trial court noted that "[i]t certainly appears that you had time to discuss with an attorney and plead not guilty." Appellant responded that obtaining representation was his objective and said, "[I]f I remember, the judge asked me if I was going to try and get an attorney at first, and he or she just said that they would enter the not guilty plea and give me time to see if I can get an attorney or not." Nevertheless, according to appellant, he pleaded no contest to the charge without representation.

{¶ 6} On February 20, 2009, the trial court vacated its January 23, 2008 order vacating appellant's 1987 conviction and reinstated appellant's plea of no contest and the court's finding of guilty.[1] Appellant timely appealed the decision of the trial court and raises the following sole assignment of error:

{¶ 7} "The trial court erred to the prejudice of Mr. Gerek by granting the state's motion to reopen the hearing regarding his 1987 conviction for the reason the court lacked jurisdiction to decide the matter."

{¶ 8} On appeal, appellant argues that there are two bases upon which the trial court's February 20, 2009 judgment should be overturned: (1) under the doctrine of issue preclusion, the issue whether appellant had counsel in 1987 had already been litigated and determined and (2) the failure of the state to timely appeal the January 2008 decision deprived the trial court of jurisdiction to revisit the issue. We disagree.

{¶ 9} As stated by the Ohio Supreme Court in *Jelm v. Jelm* (1951), 155 Ohio St. 226, 240–241, 44 O.O. 246, 98 N.E.2d 401:

{¶ 10} "Independent of and without the sanction of legislative enactment, a court of general jurisdiction such as the Common Pleas Courts of Ohio has the inherent right and power to protect itself against the perpetration of a fraud. Without such right and power the courts would become impotent as the judicial branch of government. A corollary to the possession of such right and power is the duty to exercise such power. The procurement of a judgment by fraud is a fraud upon the court, as well as upon the opposing litigant. A judgment so procured can be vacated by exercise of the inherent power of the court."

---

1. The trial court's judgment was filed on February 9, 2009, but was not journalized until February 20, 2009.

{¶ 11} Although no procedure for vacating a judgment due to fraud exists in the Ohio Rules of Criminal Procedure, Crim.R. 57(B) states that "if no procedure is specifically prescribed by rule, the court may proceed in any lawful manner not inconsistent with these rules of criminal procedure, and shall look to the rules of civil procedure and to the applicable law if no rule of criminal procedure exists." Civ.R. 60(B)(3) states that "the court may relieve a party or his legal representative from final judgment, order or proceeding for the following reasons: * * * (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party * * *." Thus, in accordance with state law, a trial court has the power to vacate a final order if that order was based on fraud. A trial court's decision to correct its journal will not be overturned absent an abuse of discretion. See *Armstrong v. Feldhaus* (1950), 87 Ohio App. 75, 42 O.O. 306, 93 N.E.2d 776.

{¶ 12} Based upon appellant's failure to notify the trial court of his other convictions, we find that the trial court had the authority to revisit its decision on the basis of fraud and/or misrepresentation.[2] The fraud upon the court was the basis for the trial court's having jurisdiction over this matter. Therefore, the trial court was within its power to reconsider appellant's December 31, 2007 motion, the matter was not subject to issue preclusion, and the state did not need to appeal the January 23, 2008 decision in order for the trial court to be able to review it.

{¶ 13} There is no transcript from appellant's 1987 plea or the hearing held regarding appellant's December 31, 2007 motion to vacate. When a party seeks an appeal, the duty to provide a transcript for appellate review falls upon the appellant, who also bears the burden of demonstrating error by reference to matters in the record. *Knapp v. Edwards Laboratories* (1980), 61 Ohio St.2d 197, 199, 15 O.O.3d 218, 400 N.E.2d 384; and App.R. 9(B). "When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." Id. See also *State v. Gonzales*, 6th Dist. No. WD-07-060, 2009-Ohio-168, 2009 WL 105636, ¶ 27.

{¶ 14} Accordingly, absent evidence to the contrary, we presume that the trial court adhered to the requirements set forth in Crim.R. 11 when accepting appellant's plea of no contest and, therefore, we find that appellant failed to

---

2. We note that a motion filed pursuant to Civ.R. 60(B)(3) must be filed "not more than one year after the judgment, order or proceeding was entered or taken." The trial court's judgment was journalized on the court's docket on January 23, 2008, whereas the state filed its motion to show cause on January 22, 2009. Therefore, we find that the state's motion was timely filed.

establish a basis for vacating his 1987 plea. Accordingly, we find that the trial court did not abuse its discretion in vacating its January 23, 2008 decision, denying appellant's December 31, 2007 motion, and reinstating appellant's 1987 conviction. Appellant's sole assignment of error, therefore, is found not well taken.

{¶ 15} On consideration whereof, this court finds that appellant was not prejudiced, and the judgment of the Bowling Green Municipal Court is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

Osowik, P.J., and Pietrykowski, J., concur.

